# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3727
_____

United States of America,

*Plaintiff - Appellant*,

v.

Samantha Flute,

*Defendant - Appellee*.

------------------------------

National Advocates for Pregnant Women; National Perinatal Association; Native American Community Board; Native Youth Sexual Health Network; Sovereign Bodies Institute; American Academy of Addiction Psychiatry; National Alliance for Medication Assisted Recovery; Harm Reduction Coalition; Academy of Perinatal Harm Reduction; Women and Harm Reduction International Network; Birth Rights Bar Association; Medical Students for Choice; National Crittenton; Young Women United; Dr. Elizabeth Armstrong; Dr. Arnold Cohen; Ms. Charon Asetoyer, M.A.; Louis Backus, M.P.H.; Dr. Jerry Ballas; Ruth Birgin; Jessica Danforth; Sarah Deer, J.D.; Dr. Alesha Elizabeth Doan; Dr. Stephen Kendall; Mark Kinzy; Gary Langis; Kandace Littlefoot; Annita Lucchesi; Dr. Ruth Rose-Jacobs, Sc.D; Dr. Andrea Smith; Dr. Kimberly Sue; Lauren van Schilfgaarde, J.D.; Jocelyn Woods, M.A., CARC, CMA; Dr. Zeal

*Amici on Behalf of Appellee(s)*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Filed: February 27, 2020
[Published]

_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.

_____

### ORDER

Appellee Flute's motion to withdraw her petition for rehearing en banc has been considered by the court and is granted. We decline to take the course suggested by the dissent of dismissing the appeal and motion to withdraw the petition for rehearing as moot, vacating the panel opinion, and remanding with instructions for the district court to dismiss the appealed order as moot.

"[V]acatur is an equitable remedy, not an automatic right," which is not warranted here for several reasons. Moore v. Thurston, 928 F.3d 753, 758 (8th Cir. 2019). First, it is not altogether clear that the general vacatur principles, as described in United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950), apply in the context of criminal cases. Munsingwear specifically discusses vacatur as an "established practice" in the context of "a *civil* case from a court in the federal system" that has become moot during the pendency of appeal.[1] Id. (emphasis added). And the vast majority of the cases the dissent relies on consider the issue in the context of civil litigation, not criminal proceedings. Indeed, the only Eighth Circuit case identified by the dissent involves a civil action. Further, the dissent identifies only two criminal

---

[1] The dissent relies on Stewart v. Southern Railway Co., 315 U.S. 784 (1942) (per curiam) as also providing authority to vacate the panel decision. However, Stewart is a two-sentence per curiam opinion that states only that the judgment and opinion of the Court should be vacated based on a settlement reached between the parties to a *civil* case and provides no reasoning or analysis.

-2-

cases, one of which summarily vacates the panel opinion without any meaningful discussion or analysis about the considerations governing vacatur, see United States v. Caraway, 483 F.2d 215 (5th Cir. 1973) (per curiam), and the other summarily vacated an opinion affirming a contempt citation against the criminal defendants' attorney for failure to comply with a subpoena, see United States v. Miller, 685 F.2d 123 (5th Cir. 1982) (per curiam). Neither of these cases convince us that we should be the first in this circuit to apply vacatur in the criminal context.

Further, even if we were to apply this framework to a criminal proceeding, courts are far from unanimous in concluding that vacatur is appropriate where mootness occurred after the panel opinion but before the issuance of the mandate. See Bastien v. Senator Ben Nighthorse Campbell, 409 F.3d 1234, 1235 (10th Cir. 2005) (explaining that when the opinion was handed down the case was not moot and finding the fact that the mandate had not yet been issued when mootness arose "inconsequential"); In re Grand Jury Investigation, 399 F.3d 527, 529 n.1 (2d Cir. 2005) ("We generally have discretion . . . to leave our order intact where the circumstances leading to mootness occur after we file our decision but before the mandate has issued.").

Second, there is no dispute that the case presented a live controversy at the time that we decided it. See United States v. Payton, 593 F.3d 881, 885 (9th Cir. 2010) (declining to vacate panel opinion as moot because, among other factors, "[t]he mootness in this case arose after our decision was issued" and the "case was a live controversy when [the court] decided it"). And the event that caused the mootness did not result from "happenstance"; it was almost certainly driven by our panel opinion. Moore, 928 F.3d at 758 ("[W]e distinguish between a party whose voluntary actions caused the mootness, and a party prevented from seeking relief from the judgment below by, as relevant here, happenstance. Generally, only the latter situations may merit vacatur." (citation omitted)). This court's decision ordering the

-3-

district court to reinstate the indictment on remand almost certainly brought the parties to the table to negotiate a plea agreement and expedited the end of this case.

Third, equitable considerations weigh against vacating the panel opinion. There is no suggestion that the government's decision was borne of nefarious motives or by a lack of confidence in its legal position or in the panel's opinion. Rather, a more plausible reading is that the government simply wished to avoid further protracted litigation, especially considering the direction from our panel opinion that, on remand, the district court was to consider Flute's due process challenge to the indictment. Before the district court, in addition to her argument that the involuntary manslaughter statute could not extend to her and her conduct, Flute raised an as-applied due process challenge. Despite extensive briefing from the parties the district court did not rule on the issue. Before our Court, Flute again raised the due process challenge as an alternative basis to affirm the district court's dismissal of the indictment. However, we declined to address it in the first instance, instead instructing the district court to consider the issue on remand. It is thus likely that the government included the prospect of further litigation on the due process challenge in the calculation before deciding to enter into plea negotiations.

There is simply no evidence of a "unilateral action" on the government's part that would require we vacate the panel opinion. See, e.g., Arizonans for Official English v. Arizona, 520 U.S. 43, 71-72 (1997) ("Vacatur is in order when mootness occurs through . . . the unilateral action of the party who prevailed in the lower court." (internal quotation marks omitted)). Plea negotiations and a plea agreement, reached by both parties in coordination with one another, by their very nature cannot be unilateral. And there has been no request from the parties to vacate the panel opinion. Indeed, it is Flute herself—the party who received an adverse ruling in our panel opinion—who moved to withdraw the petition for rehearing en banc and made no request that we vacate the panel opinion.

-4-

The parties are content to leave our panel opinion in place. So are we. For the above-stated reasons, we grant Flute's motion to withdraw her petition for rehearing en banc and leave in place our panel decision.

COLLOTON, Circuit Judge, dissenting.

After a divided panel ruled that a mother may be convicted of involuntary manslaughter under federal law when her drug use during pregnancy results in the tragic death of her child born alive, *United States v. Flute*, 929 F.3d 584 (8th Cir. 2019), Samantha Flute petitioned for rehearing en banc. The court requested a response from the government, but the case is now moot. On December 27, 2019, the district court granted the government's motion to dismiss the indictment charging Flute with manslaughter. There is no remaining case or controversy about whether the dismissed indictment stated an offense. I would therefore dismiss the appeal and Flute's motion to withdraw the petition for rehearing as moot. Consistent with *Stewart v. Southern Railway Company*, 315 U.S. 784 (1942) (per curiam), I would also vacate the panel decision and remand with directions to dismiss the appealed order as moot.

*Stewart* establishes this court's authority to vacate the panel decision. There, after briefing and oral argument, the Supreme Court filed a published opinion and accompanying dissent. 315 U.S. 283 (1942). While a petition for rehearing was pending, the case was settled. The Court then vacated its judgment and the published opinion. 315 U.S. at 784. In this case, while Flute's petition for rehearing en banc was pending, Flute pleaded guilty under a plea agreement to a misdemeanor offense of simple drug possession that the government previously had declined to charge. The government dismissed the manslaughter charge. The government's appeal of the district court's earlier order dismissing the manslaughter charge is therefore moot. This court, like the Supreme Court in *Stewart*, should vacate its prior decision in light of the intervening mootness.

-5-

Several courts of appeals, including this court, have followed a course parallel to *Stewart*. In *United States v. Caraway*, 483 F.2d 215 (5th Cir. 1973) (en banc) (per curiam), the court vacated a published panel decision where the government dismissed an underlying indictment before the court issued its mandate and before the court determined to hear the appeal en banc. *Id*. at 216. Likewise, in *United States v. Miller*, 685 F.2d 123 (5th Cir. 1982) (per curiam), where criminal proceedings were finalized after a panel decision was filed, but before the mandate issued, the court vacated its panel opinion because the case had become moot. *Id*. at 124. In *Hendrickson v. Secretary of Health & Human Services*, 774 F.2d 1355 (8th Cir. 1985), this court vacated a prior panel judgment, decision, and opinion when the parties settled the case before the mandate issued. In *Smith v. Texaco, Inc.*, 281 F.3d 477 (5th Cir. 2002) (per curiam), where the case settled after the court requested a response to a petition for rehearing en banc, the panel withdrew its opinion and judgment. *Id*. at 478-79. *Accord Kimbrough v. Bowman Transp., Inc.*, 929 F.2d 599 (11th Cir. 1991) (per curiam) (vacating panel decision where case became moot while petition for rehearing was pending); *Clarke v. United States*, 915 F.2d 699, 706-08 (D.C. Cir. 1990) (en banc) (same); *Reliance Ins. Co. v. Kent Corp., Inc.*, 909 F.2d 424, 425 (11th Cir. 1990) (per curiam) (same).[2]

---

[2]The majority believes that "it is not altogether clear that the general vacatur principles, as described in *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950), apply in the context of criminal cases." *Ante*, at 2. The primary issue here, however, is vacatur of this court's own decision, as in *Stewart*, not a decision of a lower court, as in *Munsingwear*. In any event, at least four circuits have cited *Munsingwear* to support vacatur of a district court ruling in a criminal case, *see United States v. Schaffer*, 240 F.3d 35, 36 (D.C. Cir. 2001); *United States v. Mora*, 135 F.3d 1351, 1358 & n.4 (10th Cir. 1998); *In re Ghandtchi*, 705 F.2d 1315, 1315-16 (11th Cir. 1983); *United States v. Sarmiento-Rozo*, 592 F.2d 1318, 1321 (5th Cir. 1979), and the majority cites no circuit that has declared it inapplicable. A leading treatise observes that mooting a government appeal in a criminal case "may lead to dismissal for mootness to preserve the opportunity for later prosecution," and endorses the "routine practice of vacating [a] dismissal with directions to dismiss the prosecution as moot." 13C Charles Alan Wright, Arthur R. Miller & Edward H.

Insofar as equitable considerations that govern whether to vacate the decisions of "subordinate courts," *see U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 19 (1994), also apply to an assessment of this court's own decisions, they favor vacatur here. This is not a case in which two parties conspired to obtain an advisory opinion before settling, or in which "a party with a deep pocket" would be allowed "to eliminate an unreviewable precedent it dislikes simply by agreeing to a sufficiently lucrative settlement." *Mfrs. Hanover Trust Co. v. Yanakas*, 11 F.3d 381, 384 (2d Cir. 1993). Nor is it even a case where a party was deprived of the opportunity for further discretionary review by mere happenstance. *See Humphreys v. DEA*, 105 F.3d 112, 114-15 (3d Cir. 1996). Instead, the government abandoned the manslaughter charge before Flute's petition for rehearing en banc could be considered. In that situation, the "nature and character of the conditions which have caused the case to become moot" demonstrate that vacatur of the panel decision is "most consonant to justice." *U.S. Bancorp*, 513 U.S. at 24 (internal quotations omitted).

Foregoing vacatur of the panel decision in this case would allow the party with deepest pockets of any—the federal government—to use its formidable leverage to truncate the appellate process and secure a favorable precedent while evading the possibility of en banc review. Rather than respond to Flute's petition for rehearing en banc, the government sought delays in the proceedings and eventually rendered the case moot by dismissing the manslaughter charge. Flute, by pleading guilty to a misdemeanor charge of simple drug possession, simply admitted what she has admitted to medical staff and investigators since the date of the offense: that she knowingly used and possessed a controlled substance on or about August 19 and 20, 2016. *See* R. Doc. 26, at 2-3; R. Doc. 62, ¶¶ 10, 12. There is no reason to believe that Flute previously resisted a misdemeanor disposition, preferring instead to face

---

Cooper, *Federal Practice and Procedure* § 3533.10, at 570, § 3533.4, at 159 (3d ed. 2008).

a felony manslaughter indictment, and that the panel decision suddenly drove *her* to negotiate a plea agreement. The government just decided to take "yes" for an answer on a simple possession charge that it could readily have prosecuted all along. Given that the government was in a position to dictate the terms of this resolution, mootness resulted as a practical matter from the unilateral action of the party that prevailed before the panel. *Cf. U.S. Bancorp*, 513 U.S. at 23.

This is not to say that the government did anything wrong by moving to dismiss the indictment. The Justice Department may have reassessed the merit of its legal position on the scope of the manslaughter statute. Or the United States Attorney may have reconsidered the government's exercise of prosecutorial discretion, after its "extensive research" failed to locate any other case since 1909 in which the government charged a mother with manslaughter based on prenatal neglect that caused the death of a child. *See* R. Doc. 45. But the government should not be permitted through this type of maneuvering to establish favorable circuit precedent in a divided panel decision while avoiding a vote on rehearing en banc.

Flute understandably is indifferent to vacatur; her objective is to reach a satisfactory resolution of her particular case. The court, however, has an institutional interest in the process by which circuit precedent is established and reviewed. Because the United States Attorney abandoned the manslaughter charge while Flute's petition for rehearing en banc was pending, the equitable disposition is to vacate the panel decision and leave the issue raised there for another day.

_____

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.

_____

   /s/ Michael E. Gans